**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

                **Plaintiff,**

vs.                               5:18-CV-00924
                                        (MAD/TWD)
**JEFFREY CRYSLER**

                **Defendant.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**U.S. DEPARTMENT OF JUSTICE**        **ADAM J. KATZ**
445 Broadway, Room 218
James T. Foley Courthouse
Albany, New York 12207

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

The United States commenced this action on August 6, 2018, alleging that Defendant defaulted on payments that he owed to the United States under a Settlement Agreement between the parties. *See* Dkt. No. 1 at ¶ 1. Defendant failed to appear in this action, and the United States has moved for default judgment. *See* Dkt. No. 9. For the following reasons, that motion is granted.

### II. BACKGROUND

Defendant's contracting company, which specialized in the installation of water and sewer lines, used a third party company's name and federal status to improperly receive benefits from the Environmental Protection Agency. *See* Dkt. No. 1-1 at ¶ F. On May 10, 2018, Defendant executed a Settlement Agreement with the United States, which released him from liability for

that conduct under the False Claims Act, 31 U.S.C. § 3729, in exchange for a $361,943.00 payment from Defendant to the United States.[1]  *See* Dkt. No. 1 at ¶ 6.  Defendant was represented by counsel during the negotiation and execution of the Settlement Agreement.  *See id.* at ¶ 7.

Defendant defaulted on the initial payment of $150,000.00 that was due on July 1, 2018.  *See id.* at ¶ 12.  On July 13, 2018, the United States notified Defendant's counsel of the default by email and certified letter, as was required by the Settlement Agreement.  *See id.* at ¶¶ 13, 14; Dkt. No. 1-1 at ¶ 9.  After Defendant failed to cure his default within five business days of his counsel's receipt of the notice of default, the entire unpaid balance became immediately due.  *See* Dkt. No. 1 at ¶¶ 15, 16; Dkt. No. 1-1 at ¶ 9 (providing that "[i]f Crysler fails to cure such Default within five (5) business days of receiving the Notice of Default, the remaining unpaid balance . . . shall become immediately due and payable).

On August 1, 2018, Defendant defaulted on his second payment.  *See* Dkt. No. 1 at ¶ 19.  The United States initiated this action to enforce the Settlement Agreement by filing the Complaint on August 6, 2018.  *See id.* at ¶ 1.  Defendant has not filed an answer, which was due on August 31, 2018.

On September 5, 2018, the United States filed a Request for Clerk's Certificate of Entry Default, and on September 10, 2018, the Clerk noted an Entry of Default against Defendant.  *See* Dkt. Nos. 6, 7.  On September 17, 2018, the United States filed a Notice of Motion and Motion for Default Judgment, which was served on Defendant that day via U.S. mail.  *See* Dkt. Nos. 9, 9-3.  The Motion for Default Judgment is presently before the Court.

---

[1] Defendant was required to make installment payments: $150,000.00 was due on or before July 1, 2018, followed by payments of $17,902.00 due monthly on August 1, 2018 through July 1, 2019.  *See* Dkt. No. 1 at ¶ 9.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails "to plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.*; *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Simmons*, 2012 WL 685498, at *2. "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.*; *see also* Fed. R. Civ. P. 55(b)(2). "When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

In the present matter, Defendant was properly served with the Summons and Complaint on August 10, 2018 and the Clerk of the Court entered a default on September 10, 2018. *See* Dkt. No. 5 at 1; Dkt. No. 7 at 1. Additionally, Defendant was served with a copy of the Notice of Motion and Motion for Default Judgment, and supporting papers, on September 17, 2018. *See* Dkt. No. 9-3 at 1. Because Defendant has failed to appear in this action, he is deemed to have admitted all well-pleaded, relevant, factual allegations for the purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or

oppose this motion, defendant has effectively conceded that [he] is bound by the terms of the [agreement he] entered into with plaintiff . . .").

Under the Settlement Agreement, Defendant was required to pay $361,943.00 to the United States in monthly installment payments. *See* Dkt. No. 1-1 at ¶ 1. When Defendant defaulted on his first payment, and failed to cure that default within five business days, the entire amount became immediately due. *See id.* at ¶ 9. Therefore, the Court grants the United States's request for a default judgment in the amount of $361,943.00.[2]

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Motion for Default Judgment (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the amount of $361,943.00 against Jeffrey Crysler;

**ORDERS** that the Clerk of the Court shall close this case without further order of this Court; and the Court further

---

[2] Although Defendant is liable for the $361,943.00 plus interest, *see* Dkt. No. 1-1 at ¶ 1, the United States only seeks the principal amount owed, *see* Dkt. No. 9-1 at ¶ 10. Additionally, while the Complaint asks for "costs, expenses, and attorneys' fees per the terms of the Settlement Agreement," *see* Dkt. No. 1 at ¶ A, the United States has not moved for such costs and fees in the Motion for Default Judgment, *see* Dkt. Nos. 9, 9-2. As such, the Court enters the default judgment only as to the amount of principal owed under the Settlement Agreement.

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 19, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge